UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRELLIS M. HORTON, ET AL.,

                    Plaintiffs,

      - against -

AMERITRUST MORTGAGE BANKERS,
INC., ET AL.,

                    Defendants.
----------------------------------------------------------X

**MEMORANDUM**
**DECISION AND ORDER**

CV-04-777(BMC)(WDW)

COGAN, District Judge.

This a *pro se* action in which plaintiffs allege a fraud in connection with a mortgage loan they received. Defendants Wilshire Credit Corporation and Mortgage Electronic Registration Systems have moved to dismiss for failure to state a claim; defendants Ameritrust Mortgage Bankers, Inc. and American Servicing Company, Inc. have moved for summary judgment.

The record shows that on July 22, 2004, plaintiff Trellis Horton took out a purchase money mortgage and a second mortgage from defendant Ameritrust Mortgage Bankers. The senior mortgage had an interest rate of 6.875% and the junior mortgage had an interest rate of 9.875%. The senior loan, at least, went into default and the state court entered a judgment of foreclosure. Plaintiffs sought to vacate the judgment of foreclosure arguing that they bought the property for more than it was worth and that their attorney in the foreclosure action failed to properly represent them because he wanted to buy the property himself. The state court denied the motion, rejecting these claims on the merits.

Giving plaintiffs the full amount of consideration that they are due as a result of their pro se status, it is still difficult to understand what they are claiming, let alone finding a basis for federal jurisdiction. (Plaintiffs cite to 28 U.S.C. §1331, but they do not refer to any substantive federal statute.) I can only discern two issues that they are raising.

First, it seems they are again raising the complaint that they paid too much for the house. They do not explain why these defendants, who are mortgagees, nominees, or servicing agents, are responsible for the purchase price, or even if they are, why that is actionable. If plaintiffs did not like the condition of the house, they had an obligation to inspect it before buying it. More importantly, the state court has already ruled on this argument, and I am not free to disregard the state court's ruling.

The only other issue they seem to be raising is that 17.5% interest for a purchase money mortgage is too high. That percentage might be usurious under state law, although plaintiffs do not explain why that constitutes a federal claim. More importantly again, however, is that the mortgage rate was not 17.5%. As noted above, it was 6.875% under the senior mortgage and 9.875% on the junior mortgage. I cannot see where plaintiffs are getting the 17.5%; even adding them together, which of course would not reflect the actual percentage rate, they do not reach 17.5%. Since the second mortgage was relatively small compared to the first, the actual percentage rate on the total amount loaned was probably about 7.5%, not 17.5%.

The complaint does not come near to stating any claim let alone a fraud claim, and the opposition to the motions, which merely repeats the conclusory assertion that a fraud has occurred, does not help. I am therefore granting defendants' motions. In light

of their pro se status, plaintiffs may file an amended complaint within 21 days from the date of this Order. If they do so, however, they will be required to include the following: (1) state the federal statute which they claim has been violated; and (2) state the misrepresentations that each defendant allegedly made to them, naming individuals within those corporate defendants who made the misrepresentations; (3) state with particularity why each defendant was responsible for plaintiffs' decision to purchase the property.

**The Clerk of the Court is directed to mail a copy of this Order to plaintiffs *pro se*.**

**SO ORDERED.**

S/Brian M. Cogan, USDJ

U.S.D.J.

Dated: Brooklyn, New York
February 21, 2007